IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| REGGIE WHITEHEAD, | : | |
| | : | |
| Petitioner, | : | |
| | : | CIVIL NO. 5:16-cv-166-MTT-CHW |
| VS. | : | HABEAS CORPUS 28 U.S.C. § 2254 |
| | : | |
| SCOTT CRICKMAR, Warden, | : | |
| | : | |
| Respondent. | | |

**REPORT & RECOMMENDATION**

Before the Court is Respondent's Motion to Dismiss (Doc. 12) Petitioner's federal habeas petition. Doc. 5. Petitioner pled guilty in the Superior Court of Pulaski County to felony murder and armed robbery on September 16, 1996. Doc. 13-1, p. 1. Petitioner was sentenced to life in prison with an additional twenty years to be served concurrently. *Id.* at 3. Petitioner filed his first habeas petition on February 25, 1998, in the Superior Court of Tattnall County. Doc. 13-2, p. 1. Petitioner challenged his 1996 Pulaski County guilty plea on three grounds: (1) the plea was "not intelligently and voluntarily given" because of ineffective counsel, (2) Petitioner was wrongly informed that he could not be convicted of both felony murder and armed robbery, and (3) Petitioner's counsel failed to object to his convictions. *Id.* at 4.

The Superior Court of Tattnall County denied Petitioner's habeas petition on April 29, 1999. Doc. 13-3, pp. 1-2. In denying the petition, the court held that Petitioner had failed to establish a claim of ineffective assistance of counsel and that Petitioner had entered a valid guilty plea. *Id.* at 2. The Supreme Court of Georgia dismissed Petitioner's state habeas appeal on November 3, 1999, because Petitioner had filed an untimely appeal. Doc. 13-4, p. 1.

1

Petitioner filed his second *pro se* habeas petition in the Superior Court of Ware County on September 28, 2012. In his second habeas petition, Petitioner argued that he received ineffective assistance of counsel and was improperly sentenced. Doc. 13-5, p. 3. Petitioner stated that he did not appeal his 1996 conviction because "the court didn't inform [him] of [his] right to appeal." *Id.* at 4. The Superior Court of Ware County dismissed Petitioner's second habeas petition as untimely and successive. Doc. 13-6, p. 8.

Petitioner filed this current federal habeas petition on or before May 6, 2016. Doc. 1. Petitioner did not name a respondent and, although it was on a state habeas petition form, the petition was sent to this federal district. *Id.* On May 12, 2016, this Court ordered Petitioner to clarify whether he was intending to file a state habeas petition in Pulaski County or a Federal habeas action under 28 U.S.C. § 2254. Doc. 4, p. 1. If Petitioner wanted to continue his petition in federal court, he was ordered to present his claims on the correct Section 2254 habeas form. *Id.* Petitioner recast his petition, on the correct form, with this Court on May 23, 2016. Doc. 5. Respondent has filed an answer and the current Motion to Dismiss alleging Petitioner's habeas petition is untimely. Doc. 12. Petitioner filed a response to the Motion to Dismiss, alleging, again, that his 1996 guilty plea was against the weight of the evidence, that he received ineffective assistance of counsel, and that the Superior Court of Pulaski County failed to inform him of his right to appeal. Doc. 15, pp. 3-4.

Petitioner's current federal habeas petition is untimely. There is a one-year period of limitations for a writ of habeas corpus by a person upon the final judgment of a state court. 28 U.S.C. § 2244(d)(1). The limitations period runs for one year from the latest of several dates, including, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). This period of finality is

comprised of two prongs which relates to two different categories of petitioners. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012). For petitioners who appeal for direct review all the way to the Supreme Court, judgment becomes final when the Supreme Court "affirms a conviction on the merits or denies a petition for certiorari." *Gonzalez*, 132 S. Ct. at 653. All other petitioners' habeas petitions become final "when the time for pursuing direct review in this Court, or in state court, expires." *Id.* at 653-54.

Petitioner pled guilty to felony murder and armed robbery on September 16, 1996, and was sentenced to life in prison and an additional twenty years. Doc. 13-1, pp. 1-3. Under Georgia law, Petitioner had thirty (30) days to file a notice of appeal from his September plea and sentence. O.C.G.A. § 5-6-38. Petitioner did not file a notice of appeal within the thirty days requirement and his September conviction became final on October 16, 1996 "when the time for pursuing direct review [. . .] in state court, expire[d]." *Gonzalez*, 132 S. Ct. at 653-54; O.C.G.A. § 5-6-38.

Petitioner did not file a habeas petition, federal or state, until after the one-year time period required by Section 2244 had expired. Petitioner had until October 16, 1997, one year from the expiration of his opportunity to appeal his case, to file his federal habeas petition. 28 U.S.C. § 2244(d). Petitioner's federal habeas petition was not filed until May 23, 2016, well outside of the one-year period required by § 2244. Doc. 4, p. 1.

Petitioner's state habeas petition was not timely filed as to toll his federal habeas filing period. The time period for a federal habeas petition is allowed to be tolled during the time an "application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2). Petitioner's first state habeas petition was filed February 25, 1998. Doc. 13-2, p. 1. Because this state petition was filed after the one-year period

3

expired, there was no time remaining to be tolled for the one-year provision. *Jones v. Sec'y, Florida Dep't of Corr.*, 499 F. App'x 945, 951 (11th Cir. 2012); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (state-court petitions must be "pending" to toll the one-year period of Section 2244, and state-court petitions filed following the expiration of the one-year period cannot toll because there is no time in the period left to be tolled).

Petitioner's habeas petition is not entitled to equitable tolling. A court may review the merits of an untimely if the petitioner has demonstrated he is entitled to equitable tolling. *Spears v. Warden*, 605 F. App'x 900, 903 (11th Cir. 2015); *San Martin v. McNeil,* 633 F.3d 1257, 1267 (11th Cir. 2011). To be entitled to equitable tolling, a petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition," and the circumstance must have been "unavoidable even with diligence." *San Martin,* 633 F.3d at 1267; *see Sandvik v. United States,* 177 F.3d 1269, 1271–72 (11th Cir. 1999). It is established that attorney negligence, no matter how gross, does not qualify as an "extraordinary circumstance" to entitle a petitioner to equitable tolling. *Spears*, 605 F. App'x at 904; *Cadet v. Fla. Dep't of Corr.,* 742 F.3d 473, 481 (11th Cir. 2014). Also, all litigants, including *pro se* litigants, are deemed to know the one-year limitation for federal petitions and are not allowed to rely on their "lack of legal education as an excuse for a failure to file in a timely fashion." *Spears*, 605 F. App'x at 904; *Outler v. United States,* 485 F.3d 1273, 1282 n. 4 (11th Cir. 2007); *see Rivers v. United States,* 416 F.3d 1319, 1323 (11th Cir. 2005).

Petitioner has not demonstrated a causal connection to any alleged extraordinary circumstances that would warrant the late filing of his petition. Petitioner argues that he is uneducated and lacked the mental capacity to file a timely petition. Mental incapacity alone, however, does not establish an extraordinary circumstance. An inability to read, write, and speak English is insufficient to establish equitable tolling. *See Deleon v. Florida Dept. of Corr.*, 470 F. App'x 732 (11th Cir. 2012); *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). To be entitled to equitable tolling, Petitioner's mental incapacity must be causally connected to his failure to comply with the limitations requirement. *Hunter*, 587 F.3d at 1308. The petitioner must show "more than that it is difficult for him to understand and act upon his legal rights; rather he must show that he was incapable of preparing and filing a federal habeas petition or post-conviction motion any earlier than he did." *Lewis v. Oubre*, 2010 WL 8972200, at *14 (N.D. Ga. 2010) (citing *Moore v. Bryant*, No 8:06-CV-1365-T-30TBM (M.D. Fla. 2006)).

In his Response to Respondent's Motion to Dismiss, Petitioner alleged that he lacks "the education that [he] needs," that he takes a special education class, and that his reading is on a fifth grade level. Doc. 15. Petitioner also stated that he was "trying [ ] to do the best [he] can to help [himself]," and that he had help from a prison law clerk in filing his documents. *Id.* These allegations do not establish that Petitioner was incapable of filing a timely petition. Petitioner has been capable of filing numerous documents in this Court and in State court, and Petitioner has admitted he receives assistance. Petitioner was able to file and pursue a state habeas petition in 1998, for example. After that petition was denied and the appeal dismissed, Petitioner waited nearly thirteen years to file a second, successive state petition, then another three years after that to file the instant federal petition. Petitioner's alleged mental incapacities do not establish extraordinary circumstances to excuse such delay, and he is not entitled to equitable tolling.

5

## **CONCLUSION**

In sum, Petitioner's federal habeas petition is untimely under 28 U.S.C. § 2244. Accordingly, it is **RECOMMENDED** that Respondent's Motion to Dismiss (Doc. 12) be **GRANTED**, and that Petitioner's untimely federal habeas petition (Doc. 1) be **DISMISSED**.

Pursuant to 28 U.S.C. 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 22nd day of November, 2016.

        s/ Charles H. Weigle
        Charles H. Weigle
        United States Magistrate Judge